Wesley E. Monk *vs.* Horace B. Parker & others.

Middlesex.     November 18, 1901. — January 2, 1902.

Present: Holmes, C. J., Knowlton, Lathrop, Hammond, & Loring, JJ.

*Agency*, Broker's commission.

If one employs a broker to procure for him a purchaser of certain land, and the broker procures a purchaser willing to buy it on terms accepted by the principal, the broker none the less earns his commission if the principal is only a part owner of the land, or if he owns none of it and afterwards fails to acquire it.

One employed a broker to procure a purchaser for two hundred and ninety thousand square feet of land to be taken from a certain parcel containing five hundred thousand square feet and to be divided as to front and back lands from the whole parcel as equally as possible. The broker procured a purchaser willing and able to carry out these terms and the principal declared the offer to be satisfactory to him. The principal was unable to give a title and the sale was not made, and he then contended that no commission was earned by the broker because the minds of the principal and the purchaser never met on the question of what land was to be conveyed. *Held*, that the broker earned his commission.

CONTRACT against Horace B. Parker, John W. Weeks and George W. Morse, to recover a commission of $1,450 alleged to have been earned by one Stimpson, the plaintiff's assignor, by his services as a broker in negotiating an exchange of certain lands. Writ dated April 28, 1900.

In the Superior Court, *Hardy,* J. ordered the jury to return a verdict for all three of the defendants. The verdicts were returned as ordered; and the plaintiff alleged exceptions.

*F. Ranney & E. N. Lacey,* for the plaintiff.

*S. H. Tyng,* for the defendants.

LORING, J. There is nothing involved in this case beyond the application of principles, which were recently discussed at length in *Fitzpatrick* v. *Gilson,* 176 Mass. 477.

The suit was brought by the assignee of one Stimpson to recover commissions earned by him for the exchange of certain land owned by the Newton Land and Improvement Company. The judge directed a verdict for the defendants, and the case is here on exceptions by the plaintiff. The plaintiff admits, in his brief, that he has not made out a case against the defendant Morse.

On the evidence the jury were warranted in finding that Stimpson was successful in procuring from one Leland a written agreement to exchange his houses for the lands of the Newton Land and Improvement Company on terms, which were accepted by the defendants Weeks and Parker.

The principal defence set up by Weeks and Parker, is that the land was the land of the Newton Land Company; that Parker was the president and general manager of the company, and had no authority to sell the company's land or to bind it in any way; that the trustees alone had that right; that Weeks was only one of two trustees; that the offer was not accepted by the other trustee, and therefore no commission was earned.

But if a principal employs a broker to get him a purchaser of certain property and the broker procures a purchaser, who is willing to buy on terms which are accepted by the principal, the right of the broker to his commission is not affected by the fact, if it is a fact, that the principal was only a part owner of the land to be sold. The fact that the principal was only a part owner is material on the question whether he did employ

the broker to find him a purchaser or whether he employed the broker to find a purchaser for himself and the other part owner. If the broker is ignorant what the defendant's relation to the land is, and is asked to find a purchaser for the land, and does find one, who is willing to buy on terms satisfactory to the defendant, his commission is earned, even if the defendant does not then own the land and afterwards is unsuccessful in buying it, or if for any other reason he cannot avail himself of the offer procured by the broker. On the other hand, if a broker knows that the defendant is only one of several trustees, that no sale can be made without the consent of all, and under those circumstances he is asked to get a bid, it doubtless would be understood that he is employed by the owners of the land, that is, by all the trustees, and that his duties as broker are not performed until he has procured a bid satisfactory to all the trustees.

In the case at bar, there was evidence " that Stimpson did not know in whom the title to the Hunnewell Hill land stood and that he did not care; that his dealings were mostly with Parker, although somewhat with Weeks; that he dealt with the defendants Parker and Weeks as principals; that he believed Parker was a trustee, and that Parker told him that he was a trustee and that it was n't necessary to deal with Morse and Weeks; that on the caption of a letter written by Parker to Stimpson some time before the talk concerning the India Street deal, were printed the words, 'Jonathan A. Lane, George W. Morse and John W. Weeks, Trustees of the Newton Land & Improvement Company'; that Stimpson afterwards understood that Lane had died and supposed perhaps that Parker had taken Lane's place." This evidence, coupled with the evidence that Parker and Weeks undertook to close the trade by word of mouth, without consulting Morse, warranted a finding that they jointly, or that one of them alone, were the persons who employed the plaintiff to get a purchaser of the land in question.

The other defence set up is that the land to be sold by the defendants was described as " two hundred and ninety thousand feet of land (290,000) ft. to be taken from" a parcel of land containing five hundred thousand square feet, " said 290,000 feet to be divided as to front and back lands from the whole parcel as nearly equal as possible." The defendants contend that the

minds of the purchaser and the defendants never met on the question of what lands were to be conveyed, and for that reason no commission was earned. But in the case at bar the question is not between vendor and purchaser ; and although it is by no means clear that such a description would not be sufficient in an action at law on the contract for damages, it is enough here that the indefiniteness, if there be any, is in the land to be sold by the defendants, and the purchaser found by the plaintiff " was ready, willing and able to carry out the agreement "; if the purchaser was ready to take out of the five hundred thousand feet in question any two hundred and ninety thousand feet selected by the defendants " divided as to front and back lands from the whole parcel as nearly equal as possible," the defendant who said that the offer in this form was satisfactory to him cannot escape paying a commission. When the offer in this form was presented to the defendants, they had two courses open to them : they could accept it as satisfactory or reject it as too indefinite ; there was evidence that they accepted it as satisfactory ; if they did, they cannot now be heard to say that it was too indefinite.

If the plaintiff made out a case against Weeks and Parker jointly, or either one alone, he had a right to go to the jury, Pub. Sts. c. 171, § 5 ; and upon his discontinuing as against the defendant Morse, he is entitled to a new trial.

*Exceptions sustained.*