ANGELO REVERUZZI, PLAINTIFF-APPELLEE, v. PASQUALE CARUSO ET AL., DEFENDANTS-APPELLANTS.

Submitted July 2, 1914—Decided October 9, 1914.

Under the District Court acts providing for set-off, joint and separate debts cannot be set off against each other.

---

On appeal from the District Court of Orange.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellants, *Egidio W. Mascia* and *Edwin C. Caffrey.*

For the appellee, *William A. Lord.*

The opinion of the court was delivered by

BLACK, J. This is an appeal from the Orange District Court. Judgment was given for the plaintiff for $100. The case was tried by the judge without a jury. The suit was on a replevin bond. The only controverted point is, whether one of the defendants, Pasquale Caruso, had a right to have a set-off allowed. He offered to prove the amount of a set-off, filed in the case, for $90, alleged to be owing by the plaintiff to one of the defendants, Pasquale Caruso. The trial court overruled this offer of testimony, on the ground that a set-off of one defendant against the plaintiff could not be made available, in a suit brought by the plaintiff, against such defendant and another jointly, on a replevin bond. We think the ruling of the trial court was correct. This right of the defendant is claimed under the Practice act (*Pamph. L.* 1912, *p.* 379, § 12), which reads: "Subject to rules, the defendant may counter-claim or set-off any cause of action," and the statutes relating to District Courts. 2 *Comp. Stat., p.* 1970, §§ 60, 61.

These statutes are not essentially different from the general statute of set-off. 4 *Comp. Stat., p.* 4836. Chancellor Green stated the rule thus: "The general rule in equity, as well as at law, is, that joint and separate debts, or debts accruing in different rights, cannot be set off against each other. At law, under the statutes of set-off, the rule is inflexible; but in equity, special circumstances give rise to exceptions." *Brewer v. Norcross,* 17 *N. J. Eq.* 225.

*Naylor v. Smith.* 63 *N. J. L.* 596, is an apt illustration, where a set-off was disallowed in a suit under the Mechanics' Lien act, and the set-off arose in a different right. So, in Indiana, in a suit on a replevin bond, it was held, under the statute of that state, that a note executed by one of two obligees, cannot be set off in an action on the bond. *Ringgenberg v. Hartman,* 134 *Ind.* 186. In that case, it was said to be a fundamental principle that a set-off cannot exist in a case where there is a want of mutuality.

The judgment is therefore affirmed.