Supreme Court—Rebenfeld v. Friedberg.

WALTER REBENFELD, PLAINTIFF-RESPONDENT, v. JOS-
EPH FRIEDBERG, TRADING, ETC., DEFENDANT-AP-
PELLANT.

Argued October 6, 1924—Decided January 20, 1925.

**Sale of Real Estate—Contracts Between Agents for Sharing
Commission—Commission on Sale Paid, Share Due Other
Agent Collectable if Contract is Valid—Contract Examined
and Found With Consideration—Counter-claim for Injury to
an Automobile, One in Tort and Not Subject to Counter-
claim Under District Court Act.**

On appeal from the District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Cole & Cole.*

For the respondent, *Louis M. Mallin* (*Ulysses G. Styron,*
of counsel).

PER CURIAM.

This is an appeal from the District Court of Atlantic City
from a judgment rendered in favor of the plaintiff for $500,
upon a written contract reading as follows:

"February 29th, 1924.

I, Joseph Friedberg, do hereby agree to pay Walter Reben-
feld the sum of five hundred ($500) dollars out of the com-
missions earned on the sale and exchange of properties between
Katheryn Lambert and Horace C. Myers, and to pay the
same to him as and when I receive said commissions. It is
further agreed that in the event the said Walter Rebenfeld
makes any sales of or rentals any properties, whereby he is
the sole agent or broker in such transaction, that I am to
receive only fifty per cent. of such commissions as he may
earn while acting as salesman under the office of the Coast
Realty Co.

JOS. FRIEDBERG.

Accepted.
WALTER REBENFELD."

It was proved in the case that the defendant had received the commissions specified, and hence the $500 was due to the plaintiff if the contract were a valid one. It was contended in the court below that the agreement was without consideration and void. We think not. The promise is to pay out of the commissions "earned." Earned by whom? Obviously, by the plaintiff, in part, at least. It is hardly to be supposed that the defendant was promising a gratuity wholly from his own moneys in payment of his own earnings. This being true, it can fairly be held to be an admission of moneys due the plaintiff for earnings and of earnings as against the defendant, and for which presumably an action would lie. If doubt exists as to the proper construction, we think it is cleared up by the remaining part of the agreement whereby the defendant agreed to accept fifty per cent. of commission earned by plaintiff on sales or rentals when plaintiff was the sole agent and broker. The word "earn" here used is highly illuminiating as to the import and application of the word "earned," on which the promise was given. The whole paper has the familiar aspect of two brokers co-operating in their dealings whereby an equity grew out of these in favor of one of the parties and the giving by the other of a memorandum as an acknowledgment of an indebtedness.

It is next claimed that the court erred in striking out the counter-claim. The counter-claim was for injuries to an automobile alleged to have resulted from its unlawful taking by the plaintiff. This, obviously, was in tort, and not the subject of counter-claim under the District Court act. *Slaytor-Jennings Co.* v. *Specialty Paper Box Co.,* 69 *N. J. L.* 214. If reliance is based on the Practice act of 1912, section 12, as applicable to District Court proceedings, the defendant is in no better position, for this section rests the right to strike out the counter-claim, in the discretion of the court. In *Reveruzzi* v. *Caruso,* 91 *Atl. Rep.* 1022, it was held that the Practice act of 1912 and sections 60 and 61 of the District Court act did not essentially change the general statute of set-off.

It is next claimed that there was no proof that the debt, if it ever existed, had not been paid. The burden was on the defendant to prove that he had paid the debt. *Fein* v. *Meier,* 71 *N. J. L.* 13.

The judgment is affirmed.