(110 So. 376)

## HALE v. BROWN. (6 Div. 433.)

(Supreme Court of Alabama. Nov. 4, 1926.)

1. **Brokers ⬅85(6)—In subagent's action for commission against broker, testimony that broker declined to sue owners for commission held proper.**

In subagent's action for commission against another broker with whom he had been working, and who defended on his failure to recover commission from owners, plaintiff's testimony that he requested defendant to sue owners and that defendant declined to do so *held* proper.

2. **Brokers ⬅74—In subagent's suit for commission against broker, former's failure to sue his customer, or broker procuring him, for commission held irrelevant.**

Failure of broker to sue customer, or real estate man who brought him to plaintiff, for commission, *held* not pertinent to inquiry as to commission due him from vendor's broker.

3. **Brokers ⬅85(3) — In subagent's action against broker for commission, customer's testimony that he was ready, willing, and able to complete deal held not erroneously admitted.**

In subagent's action for commission against broker, prospective purchaser's testimony that he did not know vendor's wife until abstracts were presented, and that he was ready, willing, and able to consummate purchase, offered to comply, and was refused, *held* not reversible error.

4. **Brokers ⬅85(1) — In subagent's action against broker for commission, testimony as to ownership of property and absence of any question as to signature by owner's wife held competent.**

In broker's action for commission against another broker, testimony that property to be conveyed belonged "to the two F. boys," that witness took papers, prepared for execution by parties, to office of vendor's attorney, and that no question was raised that vendor's wife would not sign, *held* competent.

5. **Brokers ⬅85(6)—In subagent's action for commission against vendor's broker, cross-examination of vendor showing that he asked another not to lend money to purchaser to comply with contract held competent.**

In broker's action for share of commission against vendor's broker, cross-examination of vendor showing that he asked another not to lend money to purchaser to enable him to comply with contract, being relevant and competent.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on issue of indebtedness of vendor to defendant, *held* competent.

**6. Customs and usages ⟨⟩ 10.—In broker's action for commission against another broker, testimony as to general custom with real estate men with reference to liability, under similar circumstances, held properly excluded.**

In broker's action for commission against another broker, testimony as to general custom with real estate men with reference to liability under similar circumstances *held* properly excluded, since defendant's liability was to be determined by jury under contract between plaintiff and defendant.

**7. Appeal and error ⟨⟩ 216(2), 273(7)—Error assigned that charge was misleading held not reviewable, where no specific exception was saved and no explanatory charge requested.**

Objection that charge is misleading is not reviewable, where specific exception pointing out defect, as required by rule 4, Tenth Circuit, was not received, and explanatory charge was not requested.

**8. Brokers ⟨⟩ 74.**

Subagent's right to commissions is not dependent on first broker's recovery from vendor.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by C. H. Brown against J. Winston Hale. From a judgment for plaintiff, defendant appeals. Affirmed.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

A real estate agent does not earn his commission until he has secured the acceptance of a valid offer. Maloney v. Fulenwider. 213 Ala. 205, 104 So. 396. Where a contract purports on its face to be signed by more than one party, it is not binding, unless all parties execute it. Maloney v. Fulenwider, supra. Appellee was bound by the custom or usage in the community among real estate salesmen to the effect that no commission is paid where the sale does not go through. 12 Cyc. 1056; Brown v. Harrison, 17 Ala. 774; Douglas & Mizell v. Ham Turpentine Co., 210 Ala. 180, 97 So. 650. It is error for the trial court to charge the jury that the burden is on defendant to prove its plea. Phillips v. Morris, 169 Ala. 460, 53 So. 1001; Eutaw Ice, Water & Power Co. v. McGee, 16 Ala. App. 652, 81 So. 144.

D. G. Ewing and Leigh M. Clark, both of Birmingham, for appellee.

The agent is entitled to his commission when he has procured a purchaser ready, willing, and able to purchase on the terms agreed. Hale v. Brown, 211 Ala. 106, 99 So. 645; Birmingham Land & Loan Co. v. Thompson, 86 Ala. 146, 5 So. 473. A witness cannot testify or give in evidence his opinion or conclusion as to the liability of

a particular party under given conditions. Haskins v. Warren, 115 Mass. 514; 17 C. J. 521. The giving of a charge that is merely misleading, when any possibly injury could have been removed by an explanatory charge, is not reversible error. Hoffman v. Birmingham R., L. & P. Co., 194 Ala. 30, 69 So. 551; A. G. S. R. Co. v. Smith, 178 Ala. 613, 59 So. 464; Ogburn-Griffin Gro. Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434.

PER CURIAM. This is the second appeal, 211 Ala. 106, 109, 99 So. 645.

[1] The assignments of error are predicated on the action of the trial court in allowing the plaintiff to testify that he requested Mr. Hale to sue the Fulenwiders, and this was declined. In this there was no error. It was competent with evidence tending to show that the commissions were earned and that this action of the broker voluntarily prevented him from recovering for the joint benefit of himself and the appellee, as such agent—that is to say, appellant, defendant, having defended upon his failure to recover the commissions from H. and L. Fulenwider, it was relevant and competent for plaintiff to illustrate by his evidence, whether the defendant, or the Fulenwiders, or the subagent, both or either, were responsible for the failure of the consummation of the sale, and that after a purchaser, ready, willing, and able to perform the required contract of sale was procured. The several assignments of error resting on rulings in such inquiry are without merit.

[2] The failure of the plaintiff to sue Pitts or Malony for the commissions was not pertinent to the inquiry of indebtedness vel non of Hale to Brown, under their contract.

The conversation between Mrs. Brown and Hale was germane to the issue and properly admitted in evidence. It was in the nature of an admission against interest.

[3] There was no reversible error committed in allowing Malony to testify that he did not know Mrs. Fulenwider in the case until the time the abstracts to the property were presented, that his dealings pertaining to the property were with H. M. and Leslie Fulenwider individually and as trustees of the estate of A. L. Fulenwider, deceased; that he was ready, willing, and able to consummate the purchase and offered to comply with the contract of sale, but was refused by the Fulenwiders who declined to state the ground of their refusal.

Conceding that the failure of Mrs. Malony to sign the written instruments was material, it is sufficiently shown that the Malonys were prevented in the consummation by the declination of the Fulenwiders, and were informed by counsel that due execution of the papers would be made. The jury were informed as to the true status.

[4] It was competent for Mr. Haley to tes-

tify that a part of the property to be conveyed by the Fulenwiders was that belonging "to the two Fulenwider boys," that, when he went to the office of the Fulenwiders' attorney, he had the papers prepared for execution by the parties, and that no question was raised that Mrs. Fulenwider would not sign.

[5] The fact that Mr. Howard Fulenwider was permitted to be asked, on cross-examination, whether he asked Mr. Garber not to lend Malony "this money which he was needing to get up the cash payment to comply on his part with this contract," was relevant and competent under the issue of indebtedness of Fulenwider to Hale and, therefore, in the suit by Brown against Hale for his part of the commissions.

The inquiry of the release of the Penn Mutual Insurance, furnished to Fulenwider, was material and competent evidence. And there was no error in allowing Mr. Simpson to answer the question:

"Do you recall at any time when the question of this release was shown, if it was shown, to Byrd Haley, any discussion came up about it in your office? Did you, at any time, say anything at all, or even suggest to him that this contract wouldn't go through, or that Mrs. A. L. Fulenwider wouldn't sign it?"

And the answer:

"Well, I don't recall any conversation I remember having had with Byrd Haley about the matter. I remember the conversation I had with his father."

[6] The defendant, as a witness, was asked:

"Now, Mr. Hale, something was said yesterday about the general real estate arrangement in the city. What is the general custom with real estate men in Birmingham, where they work on commissions that way, with reference to the liability of the men they work for if commissions are not received?"

No error was committed in sustaining plaintiff's objection as being an opinion or conclusion of law invading the province of the jury as to liability; this was to be determined by the jury, under the contract between Brown and Hale, where money had been earned and Hale would not collect. Haskins v. Warren, 115 Mass. 514, 535, 17 C. J. p. 521.

[7] The charge of the court as to the burden of proof that rests upon a defendant as to a plea, if misleading, was not prejudicial to reverse. The jury were fully instructed as to the duty resting upon the respective parties under their pleading. If the defendant was not satisfied with the charge in point, explanatory charge should have been requested. A. G. S. R. Co. v. Smith, 178 Ala. 613, 59 So. 464; Ogburn-Griffin Gro. Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434; Hoffman v. B. R. L. & P. Co., 194 Ala. 30, 69 So. 551.

Moreover, there was not observed rule 4 of the Circuit Court of the Tenth circuit, which was as follows:

"A party excepting to a part of the charge of the court to the jury must distinctly state the grounds of such exception, which grounds must specify or point out wherein or why such part of such charge is defective or erroneous."

[8] The refusal of the defendant's charges 1 and 5 is supported by the decision on the first appeal, where it is declared that subagent's right to commissions is not dependent upon the first broker's recovery from the vendor. Hale v. Brown, 211 Ala. 106, 110, 99 So. 645. See, also, Monk v. Parker, 180 Mass. 246, 63 N. E. 793, and L. R. A. 1918F, 720.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.