WALTER DOYLE, TRADING AS, ETC., PLAINTIFF-RE-SPONDENT, v. JOSEPH J. CORN, DEFENDANT-APPEL-LANT.

Submitted May 16, 1930—Decided November 19, 1930.

Before Justices CASE, DALY and DONGES.

For the appellant, *Corn & Silverman.*

For the respondent, *Griffinger & Griffinger.*

PER CURIAM.

Plaintiff-respondent brought suit in the East Orange District Court to recover on a book account. Defendant-appel-

lant counter-claimed in tort for the taking of a winter-front device and for negligence in the manner in which some work was done by plaintiff-respondent on the defendant-appellant's car.

At the trial the plaintiff-respondent proved his book account and thereupon a motion was made to dismiss the counter-claim on the ground that it could not be interposed in the suit in question because it was for unliquidated damages. The motion was granted and this appeal raises the propriety of such ruling.

The provision of the District Court act in question is the amendment of 1927 (*Pamph. L.* 1927, *p.* 499, § 60), the language of which as respects this case is the same as the amendment of 1922 (*Pamph. L.* 1922, *p.* 230), which reads: "If the defendant have any account, demand or cause of action against the plaintiff he shall be permitted to discount, set-off, or counter-claim the same against the account, debt or demand of such plaintiff."

Defendant-appellant alleges that this language permits him to counter-claim in tort to plaintiff's action in contract.

Section 61 of the District Court act provides that if any defendant "neglect or refuse to deliver a copy of his account, demand or cause of action against such plaintiff, he shall forever thereafter be precluded from having or maintaining any action for such account, demand or cause of action" in any future action, excepting in cases where the balance due to the defendant exceeds three hundred dollars, in which case defendant shall not be so precluded from a recovery in a subsequent suit.

These sections, as amended in 1922, were directly passed upon in this court in *Ehret* v. *Hering* (1923), 99 *N. J. L.* 73, and it was held that defendant was not required to counter-claim for unliquidated damages, and that, on failure so to do, he would not be precluded from a recovery in a subsequent suit. In that case the court said: "The proper construction of the amended sections is to hold that they apply only to a cause of action in which the damages are liquidated."

In *Rebenfeld* v. *Friedberg* (1925), 127 *Atl. Rep.* 187; affirmed (*Court of Erors and Appeals*), 102 *N. J. L.* 222, on the opinion of the Supreme Court, the same question was presented, and it was held that a claim for unliquidated damages was not the subject of counter-claim under the District Court act. There is no direct reference in the opinion in this case to the amendment of 1922, but inasmuch as the decision was made several years after the legislation was passed, the court was dealing with the sections as amended. That decision is controlling in this case.

The judgment is affirmed, with costs.