SECOND JUDICIAL DISTRICT COURT, HUDSON COUNTY.

LOUISE McCURNIN AND WILLIAM McCURNIN v. B. & J. REALTY COMPANY.

Decided July 17, 1933.

For the plaintiff, *Andrew J. Markey.*

For the defendant, *Louis P. Brenner.*

CARNEY, J. This action was instituted by the plaintiff and her husband, against the defendant, to recover for personal injuries to herself, and for medical expenses incurred by her husband. The state of demand alleged that the defendant maintained a portion of its premises (reserved for the common use of tenants) in a defective and ruinous condition. The defendant filed a counter-claim, by which it sought to recover the sum of $450 for rent due and owing to it by plaintiffs (and admitted by plaintiffs to be due). A motion was made by plaintiffs to dismiss the counter-claim on the ground that it was a claim for liquidated damages and could not be thus set off against plaintiff's claim for injuries. Decision was reserved on plaintiff's motion, there being no necessity for taking testimony on the same, in view of the plaintiff's admission of the amount due on the counter-claim.

The situation thus presented calls for a determination as to whether or not, in an action to recover for unliquidated damages, the defendant is permitted to counter-claim for liquidated damages.

The pertinent sections applicable are: Section No. 60 of the District Court act, which among other things provides:

"If the defendant have any account, demand or cause of action against the plaintiff, he shall be permitted to discount, set-off or counter-claim the same against the account, debt

or demand of such plaintiff." *Pamph. L.* 1916, *p.* 540; *Pamph. L.* 1922, *p.* 230; *Pamph. L.* 1927, *p.* 499.

Section No. 12 of the Practice act of 1912, which, among other things:

"Subject to rules, the defendant may counter-claim or set-off any cause of action; * * * but in the discretion of the court, separate trials may be ordered; or if counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out."

Section No. 68, of the District Court act, which provides:

"The practice of the Circuit Courts in so far as applicable, shall apply to the District Courts." * * *

It will be observed that section No. 60 of the District Court act was amended in 1922. A change was made by inserting (after the word "demand") the words "or cause of action;" and by inserting (after the word "set-off") the words "or counter-claim;" thus giving rise to the popular erroneous notion entertained and dispelled in *Rebenfield* v. *Friedberg,* 3 *N. J. Mis. R.* 93; 127 *Atl. Rep.* 187, and *Doyle* v. *Corn,* 8 *N. J. Mis. R.* 865; 152 *Atl. Rep.* 329, that a claim for unliquidated damages could be set up against a claim for liquidated damages.

An examination of the acts of the legislature above referred to, clearly indicates the manifest trend of legislation to prevent, as far as practical, the multiplication of legal controversies; these acts have given to courts broad powers in determining the question of permitting a defendant in a cause to counter-claim.

It would therefore appear that these enactments should be liberally construed, so that legal controversies might be speedily and finally determined according to the substantive rights of the parties.

I am therefore of the opinion that the counter-claim filed herein should be, and the same is hereby allowed as an offset against the recovery obtained by the plaintiffs. The recovery obtained by the plaintiffs was for $500 and the amount offset will be $450 (the amount admittedly due upon the counter-claim); and judgment will be entered in accordance with these views.