AARON VAN POZNAK, PLAINTIFF-RESPONDENT, v. RALPH G. SCHWEBEMEYER & CO., DEFENDANT-APPELLANT.

Argued October 24, 1947—Decided January 29, 1948.

For the defendant-appellant, *Andrew B. Crummy*.

For the plaintiff-respondent, *Lum, Fairlie & Foster* and *Charles S. Barrett, Jr.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Essex County Circuit Court in favor of the plaintiff entered

after a jury trial before Judge Brennan. The only grounds of appeal are the refusal of motions to nonsuit and direct a verdict for the defendant-appellant, Ralph G. Schwebemeyer & Co. Verdicts were directed in favor of two other defendants, Newark and Essex Building Corporation and Ralph G. Schwebemeyer, individually.

The suit was upon an alleged co-brokers' agreement to share commissions in the event plaintiff produced a tenant for a store in the Newark and Essex Building for which building the defendant-appellant was renting agent. Plaintiff, an attorney with offices in the building, approached Ralph Schwebemeyer in August, 1944, concerning the securing of a tenant for the store, which was then vacant. According to plaintiff he was told by Schwebemeyer that if he produced a tenant he would be recognized as co-broker and would share equally in any commission which was paid by the building corporation to appellant.

Plaintiff in September, 1944, produced two men, Grabiner and Marks, who, together with one Danzis, were interested in renting the premises for a drug store. An offer was made of a 20 year lease at $12,000 per year. Schwebemeyer says he informed the group that his authority required a minimum of $16,000 per year and that, if the store was to be used as a drug store, consent of another drug store tenant would have to be obtained. No agreement was reached at this meeting. Thereafter, according to evidence on behalf of the plaintiff, he exerted himself in an effort to locate an available license which could be transferred for the operation of a liquor package store, it being the desire of the proposed lessees to have a liquor department in the store.

On May 18th, 1945, the defendant-appellant negotiated a lease between the Newark and Essex Building Corporation, as lessor, and Hymen Grabiner, as lessee. This was a ten year lease with the rent starting at the rate of $12,000 per year and progressively increasing. For the negotiation of this lease appellant was paid a commission of $5,427.50 by the owner of the building.

Upon the presentation of these facts at the trial both parties moved for a directed verdict and Judge Brennan submitted

the case to the jury. His charge to the jury is not in the state of the case but in the colloquy following the motions for direction he stated that the issue to be submitted to the jury "will be as to whether Mr. Van Poznak was the producing cause" of the lease finally entered into.

Appellant seems to rely upon cases between broker and owner and cases for the most part in which the broker making the claim for commissions did nothing more than introduce the parties, after which they had independent negotiations. Such is not the case here. This is one broker's claim against a co-broker following an agreement for the sharing of commissions if the plaintiff produced a tenant. It was not necessary that plaintiff carry the transaction through its completion. His co-broker had a duty to perform also. Nor was it necessary that the final agreement be exactly as offered at the first meeting. The final agreement was not very different from the first offer and could be considered by the finders of the facts as having been negotiated from that offer. Nor is it necessary, as a matter of law, that the agreement finally entered into should have been with all three of the persons first produced. If it was with one of them and if the plaintiff could be considered as the procuring cause, as the jury did find, then plaintiff was entitled to recover.

In other words, if there was sufficient evidence to carry the case to the jury the denial of the motions was proper. *Hordes* v. *J. I. Kislak, Inc.,* 9 *N. J. Mis. R.* 1030; *affirmed,* 109 *N. J. L.* 413; *Walsh* v. *Isgro,* 121 *Id.* 165. We conclude that there was such evidence and that there should be an affirmance.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.