WALTER LOEB, TRADING AS GARAGE REALTY COMPANY, AND HAROLD P. HALLOCK, PLAINTIFFS-APPELLANTS, v. PETER F. PASBJERG & CO., INC., A CORPORATION OF NEW JERSEY, AND MAX PHILIPPSON, DEFEND-ANTS-RESPONDENTS.

Argued May 28, 1956—Decided June 25, 1956.

*Mr. Joseph Keane* argued the cause for the appellants (*Messrs. Milton, McNulty & Augelli,* attorneys).

*Mr. Aaron Lasser* argued the cause for the respondents (*Messrs. Lasser and Lasser,* attorneys; *Mr. H. Lee Sarokin,* of counsel).

The opinion of the court was delivered by

JACOBS, J. The plaintiffs, who are real estate brokers, sued the defendants, who are also real estate brokers, on an alleged agreement to divide commissions. The trial judge,

sitting with a jury, granted the defendants' motion for dismissal at the close of the plaintiffs' case. An appeal was taken to the Appellate Division from the ensuing judgment and we certified it on our own motion.

Early in February 1954 Mr. Ernesto Juan Deutch, a resident of Buenos Aires, Argentina, met with plaintiff Harold P. Hallock, a real estate salesman then associated with plaintiff Walter Loeb, trading as Garage Realty Company, and Manhattan Pigeon Hole Parking, a corporation having exclusive sales rights for Pigeon Hole Parking in the Borough of Manhattan. Pigeon Hole Garages are places where automobiles are conveyed to and from their places of storage by machinery rather than by attendants. Mr. Deutch indicated that he had a substantial amount of money which he wanted to invest in Manhattan real estate with a return of 8%; at first Mr. Hallock thought he might interest him in Pigeon Hole garages but apparently abandoned the idea because of restrictions in New York's building code. In due course Mr. Hallock introduced Mr. Deutch to the defendant Max Philippson, a real estate broker and vice-president of defendant Peter F. Pasbjerg & Co., Inc. Mr. Hallock and Mr. Philippson had entered into an oral arrangement which Mr. Hallock says dealt in part with Pigeon Hole garages and in part with the sale to Mr. Deutch of any investment properties listed with the defendants. Although the parties are in sharp conflict as to the terms of the oral arrangement, there was ample evidence from which a jury could reasonably find that it contemplated an equal division between the plaintiffs and the defendants of any commission received by the defendants on the sale of any investment properties to Mr. Deutch through the offices of the defendants as brokers.

On May 5, 1954 a letter was written to Mr. Deutch by Peter F. Pasbjerg & Co., Inc., Max Philippson, vice president, with respect to certain investment property in Philadelphia; this letter contained a paragraph which indicated that in the event of a sale a commission would be due in which Mr. Hallock would share. On May 18, 1954 a further

letter was sent to Mr. Deutch in which Mr. Philippson set forth certain information with respect to property located at 504-514 East 14th Street, New York City. This property had been placed with the defendants on January 14, 1954 and was owned by a holding company controlled by Charles Benenson. It had been originally listed at the sale price of $690,000 but after several conferences it was sold to Mr. Deutch for $639,000; Mr. Philippson was called as a witness by the plaintiffs and testified that the regular commission on such a sale would customarily be $11,250; he denied however that he ever actually received any commission. He stated that he participated with the buyer and seller at preliminary conferences during which no agreement was reached but that, on a later date, he received a telephone message which advised him that the parties had reached an understanding in which there was "no room to pay any commissions" and requested him to come over "and let them know what to do." He did go over and, according to his testimony, he waived the payment of commission and the sale was consummated. He acknowledged that Mr. Deutch had offered him a commission of $2,000 which he declined because of its gross inadequacy. In explaining the reasons for his waiver of commission he stated that he felt a debt of gratitude to Mr. Benenson for past favors; that Mr. Benenson was one of his "very excellent" clients; that his action was motivated by "the hope of future business" from Mr. Benenson and Mr. Deutch; and in fact Mr. Philippson or his company was later designated as managing agent of the property. Title to the property was actually transferred to the nominee of Mr. Deutch by a deed duly recorded in 1954.

In seeking to sustain the trial judge's dismissal of the action the defendants advance three points, namely, (1) the oral agreement alleged by the plaintiffs "was not intended to be performed within a period of one year and therefore it is unenforceable under the Statute of Frauds"; (2) the transaction upon which the plaintiffs base their action is not within the terms of the alleged oral agreement "since it

relates to a sale of property which was neither in mid-Manhattan, New York, nor was it procured for the erection of a Pigeon Hole Garage"; and (3) if a valid agreement did exist "payment of a commission to defendants was a condition precedent to any right of recovery by the plaintiffs." We shall deal with these specific contentions in the order which the defendants have presented them in their brief; we shall not concern ourselves with the question of whether New York rather than New Jersey law is applicable (it is not suggested that they differ) or with other pertinent issues which the parties did not raise during the trial or the appeal.

 *R. S.* 25:1–5(*e*) provides that no action shall be brought on "an agreement that is not to be performed within one year from the making thereof" unless the agreement is embodied in a writing signed by the person to be charged therewith. Our cases hold, as do decisions elsewhere, that this provision is inapplicable to an oral agreement bearing no fixed term and possibly performable within the year even though complete performance within that time may be unlikely. See *Deevy v. Porter,* 11 *N. J.* 594, 597 (1953); *Reynier v. Associated Dyeing & Printing Co.,* 116 *N. J. L.* 481, 484 (*E. & A.* 1936); *Smith v. Balch,* 89 *N. J. Eq.* 566, 568 (*E. & A.* 1918). In the instant matter the jury could readily find from the disputed evidence that there was an agreement between the parties which had no fixed term, was performable within the year, and was outside the statute. Mr. Deutch was a resident of Argentina and was expected to remain "in the country for a few months"; he wanted to make an investment in Manhattan real estate and consulted Mr. Hallock who in turn introduced him to Mr. Philippson; in due course he made his investment through the brokerage efforts of Mr. Philippson and a deed to the property in which he invested was duly delivered and recorded; a period of about only five months had elapsed from the original agreement between Mr. Hallock and Mr. Philippson to the consummation of the purchase and sale. Under the circumstances it seems clear that the dismissal of the plaintiffs' action may in no wise be justified under *R. S.* 25:1–5(*e*).

 The defendants' second point necessarily rests upon the premise that the agreement between Mr. Hallock and Mr. Philippson related solely to mid-Manhattan property to be used as a Pigeon Hole Garage. That may be the defendants' version but it was not the version advanced by the plaintiffs who contend that, in part, it contemplated an equal division between the plaintiffs and the defendants of any commission received by the defendants on the sale of any investment properties to Mr. Deutch through the offices of the defendants as brokers. The relevant evidence which the plaintiffs produced was sufficient to raise a jury question and to withstand the motion to dismiss at the close of their case; our decisions have repeatedly embraced the doctrine that the trial court may not withdraw the case from the jury at such preliminary stage if the testimony and the reasonable inferences therefrom, viewed most favorably to the plaintiffs, are sufficient to present a factual issue on the legal claim being asserted. See *O'Donnell v. Asplundh Tree Expert Co.,* 13 *N. J.* 319, 328 (1953) where this court pointed out that when dealing with a judgment of involuntary dismissal the appellate court "must accept as true all the evidence that supports the position of the party against whom the motion is made, and it must give him the benefit of all the inferences in his favor that may logically and legitimately be drawn therefrom, *McKinney v. Public Service Interstate Transportation Co.,* 4 *N. J.* 229, 243 (1950)."

 The third and final point urged by the defendants is that the alleged agreement between Mr. Hallock and Mr. Philippson was to divide the commission paid to the defendants and that no commission was in fact ever received by them. The evidence does indicate, as the defendants stress, that the property was listed with them for $690,000 but was later sold for $639,000; however, the cases recognize that ordinarily a broker is entitled to commission where he furnishes the buyer to the seller even though the ultimate sale is for a lesser price, provided there has been no significant break in the negotiations and the final price is duly agreed upon by the seller and the buyer. See *George H.*

*Beckmann v. (Zinke's) Rainbow's End*, 40 *N. J. Super.* 193, 196 (*App. Div.* 1956) ; *The First New Hampshire Corp. v. Van Syckle*, 37 *N. J. Super.* 469, 476 (*App. Div.* 1955) ; *Winter v. Toldt*, 32 *N. J. Super.* 443, 447 (*App. Div.* 1954). In the instant matter the seller and buyer apparently acknowledged Mr. Philippson's commission claim in the event of a sale and requested that it be waived to facilitate consummation of the sale. Mr. Philippson was, of course, at liberty to waive his own interest in the commission claim but he had neither any moral nor legal right to waive the plaintiffs' interest therein; on the contrary he was under an implicit obligation to protect the plaintiffs' interest faithfully and not to abandon it without their prior approval. *Cf. Hale v. Brown*, 211 *Ala.* 106, 99 *So.* 645 (1924), affirmed 215 *Ala.* 177, 110 *So.* 376 (1926) ; *Allen v. Chas. E. Howe Co.*, 261 *Mass.* 355, 158 *N. E.* 767 (1927) ; *Miller v. Adams-Cates Co.*, 64 *Ga. App.* 858, 14 *S. E. 2d* 220 (1941). When Mr. Philippson waived the commission claim and rejected Mr. Deutch's tender of $2,000 he was motivated not only by considerations of personal gratitude but also by expectations of financial gains to himself and his company, some of which have already been fulfilled. Under the circumstances the defendants may not realistically or justly assert that they received no commission whatever; in any event the plaintiffs' evidence presented factual questions for the jury on the pertinent issues including *inter alia* the value of what the defendants actually did receive and could have received in lieu of the regular commission.

Reversed, with direction that the action be remanded for a new trial.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, JACOBS and BRENNAN—5.

*For affirmance*—None.