*Municipal Court of the City of Boston*
No. T-16329.

## CHESTER J. HAYWARD

v.

## WILLIAM L. BERGER, et al

Argued: Feb. 28, 1969   Decided: Mar. 20, 1969

*Present*: Lewiton, J. (Presiding), Morrissey, Glynn, JJ.

Case tried to *Gillen, J.*

*Glynn, J.* This is an action of contract to recover a broker's commission for procuring a customer ready, willing and able to purchase certain property. The defendants are William Berger and his son, Stephen Berger. The defendants' answer was a general denial and that the plaintiff was not duly licensed in accordance with the requirements of G.L. c. 112, § 87 RR. At a re-trial of this case on this sole issue, ordered by the Appellate Division, evidence was introduced that the plaintiff was duly licensed as a real estate broker at the time of the transaction and the defendants are no longer relying on that defense.

At the re-trial there was evidence that the plaintiff saw a sign on the building in question reading "For Sale, Stephen Berger, DE-2-

1148''. The plaintiff, as a result of this information, talked with the defendant, Stephen Berger, concerning the sale of the property which was located at 150 Old Colony Avenue, South Boston, said building containing an auto wash. The plaintiff informed Stephen that he was a broker and was told by Stephen that the price was $35,000, $10,000 for the equipment and $25,000 for the building. The defendant, Stephen, agreed to pay the plaintiff 6% of the $35,000 sale. On or about April 12, 1964 the plaintiff showed the premises to one John R. Lynch and Joseph F. Mulrey, and that the defendant, Stephen, talked with the two prospective buyers. The purchasers offered $32,000 with $1,000 down as deposit, but the defendant, Stephen, wanted $35,000 with $2,000 deposit. At this time the defendant informed the plaintiff that there had been a previous prospective buyer of the equipment but he had defaulted.

On or about April 23, 1964 the prospective buyers, Mr. Lynch and Mr. Mulrey, mailed a cashier's check for $2,000 (Exhibit 3) endorsed to the order of ''Stephen Berger, deposit on Colonial Car Wash, 150 Old Colony Avenue, South Boston. Land, Building and Equipment. Sale Price, $35,000''.

The prospective buyers gave evidence that they were ready, willing and able to buy the property and mailed the $2,000 as a deposit towards the future written agreement of sale. After the receipt of the deposit, Stephen told

the plaintiff they would get together later to draw up a real estate agreement.

The defendant, Stephen, gave testimony that he did not own the premises and he had no authority from the father, who was the owner, to sell the premises but merely to show them to prospective purchasers. He further testified that he knew his father had already sold the equipment several months before but, at the time he talked with the plaintiff, he had no knowledge of the status of that transaction involving the equipment.

The defendant, William, testified that he was the owner of the property and his son had no authority to sell the property. William further testified he knew nothing about the check for $2,000 mailed to Stephen on or about April 23, 1964 until he returned from a trip on or about May 4, 1964, at which time he immediately returned the check to the plaintiff with an accompanying letter, which stated that the equipment had been sold to another purchaser some time previous and that he, William, would sell the real estate for the amount of $25,000.

There was further testimony that he, William, sold the building in question to another purchaser for $11,000 some time in January 1968.

At the close of the trial and before the final arguments, the defendants made the following requests for rulings. The court made a ruling on each request and also made findings of fact hereinafter stated:

*1.* On the law and on the evidence, there must be a finding for the defendants, because the plaintiff did not procure a customer who was financially ready, able and willing to purchase the defendants' property on terms acceptable to the defendants. *Denied as to Stephen Berger.*

*2.* On the law and on the evidence, the plaintiff did not earn a commission, because he did not procure a purchaser on terms acceptable to the defendants. *Denied as to Stephen Berger.*

*3.* On the law and on the evidence, there must be a finding for the defendants, because there was no meeting of the minds between the plaintiff and the defendants. *Denied as to Stephen Berger.*

The court made a finding that the plaintiff found customers ready, able and willing to purchase property as requested by the defendant, Stephen C. Berger. The court found for the plaintiff against Stephen C. Berger in the sum of $2,000 and found for the defendant, William L. Berger.

The defendant, Stephen C. Berger, claims to be aggrieved by the denial of the defendants' Requests for rulings 1, 2, and 3, and by the finding for the plaintiff against him.

The court was warranted from the evidence, in finding that the plaintiff relied on the representations of the defendant Stephen, and that he was engaged to find a purchaser ready, willing and able. The court was warranted in finding from the evidence that the plaintiff did

procure a purchaser who was ready, willing and able to purchase property on the terms set forth by the defendant Stephen.

It is a well established principle of law that one may hire a broker and thereby render himself liable for a commission, even though he does not benefit from the efforts of the broker in producing a customer. *Isenberg* v. *Williams,* 306 Mass. 86.

If the broker is ignorant of the relationship of the defendant to the real estate in question and is asked to find a purchaser for the land and he finds one who is willing to buy on terms satisfactory to the defendant, then the commission is earned, even though the defendant does not own the real estate or, if for any reason, he cannot avail himself of the offer procured by the broker. The plaintiff did what he was hired to do, and he should be compensated in accordance with any agreement. *Monk* v. *Parker,* 180 Mass. 246. *Johnstone* v. *Cochran* Mass. 472 at 476. *Isenberg* v. *Williams,* 306 Mass. 86.

The court was warranted on the evidence in making its finding for the plaintiff in the case of *Hayward* v. *Stephen Berger,* and the defendant Stephen Berger was not adversely affected by any of the trial judge's rulings. **Report Dismissed.**

HARRY MANDELSTAM
 of Boston, for the Plaintiff.
LOUIS I. KOBRIN
 of Boston, for the Defendant.