134 N.J. Super. 238 (1975)
339 A.2d 225
MARK DE BENEDICTIS, PLAINTIFF-RESPONDENT,
v.
IRWIN D. GERECHOFF, INDIVIDUALLY AND TRADING AS G & G AGENCY, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 8, 1975.
Decided May 29, 1975.
*240 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. Paul L. Blenden, attorney for appellant.
*241 Messrs. Madnick, Milstein and Mason, attorneys for respondent (Mr. Richard J. Weber, on the brief).
The opinion of the court was delivered by LYNCH, J.A.D.
The individual defendant, a real estate broker, appeals from a judgment of the Superior Court awarding to plaintiff, who had been a salesman employed in defendant's office until May 24, 1971, 50% of the commission earned by defendant as a result of the sale of certain restaurant property in Monmouth County. The case was tried by the judge sitting without a jury.
On April 27, 1971 plaintiff, while so employed, arranged for an appointment between the owners of the restaurant (hereafter "sellers") and a Mr. Zweben, a prospective purchaser. At that meeting, attended, among others, by both plaintiff and defendant, the sellers quoted a price of $850,000 for the restaurant. Financing of the purchase was to be through a cash payment of $150,000, a $300,000 first mortgage to be negotiated by the buyers through their own resources, and a $400,000 second mortgage to be held by the sellers. A further meeting was held on May 3, 1971, at which time Zweben was shown certain books indicating the gross receipts of the restaurant, examined the premises and then left. He did not make any counter-offer or otherwise contact the sellers, plaintiff or defendant broker until the events hereafter recounted.
On May 24, 1971 plaintiff's employment as a salesman was terminated by defendant. Thereafter, in the latter part of August 1971 defendant called Zweben concerning the property, as a result of which Zweben, after further analysis of the financial factors involved in the operation of the restaurant business, made an offer to purchase the property for $600,000. Later negotiations between Zweben and the sellers resulted in a final purchase price of $625,000, financed by a cash payment of $200,000, assumption of an existing mortgage of $200,000, and the giving of a purchase money mortgage in the amount of $225,000. A contract was executed *242 in September 1971, which ultimately resulted in the actual closing in October.
The trial judge found that plaintiff was discharged by defendant principally because the "deal was not moving fast enough." The judge recognized that there was a breakdown of negotiations covering a period of approximately four months between May and the latter part of August 1971, and that the parties to the sale were ultimately brought back together by defendant after plaintiff had left his employ. However, the judge found that if plaintiff had not brought the parties together originally, the deal would never have been consummated, and awarded judgment in plaintiff's favor for 50% of the commissions which were ultimately received by defendant.
On appeal defendant contends, first, that the agreement between plaintiff and himself provided that plaintiff was to receive a commission only if he were in defendant's employ at the time the contract of sale was executed and, since plaintiff had been discharged before that event occurred, he was not entitled to a share of the commission. Secondly defendant contends that the trial court erred in entering judgment against him individually, whereas his brokerage business was conducted as a corporation, i.e. G & G Agency, Inc.
Plaintiff's principal contribution to the deal ultimately reached was that he initially brought the parties together. Ordinarily, for a broker to earn a commission from a seller or buyer he must establish that he was the "efficient producing cause" in bringing about the sale  at least in the sense of causing the seller to negotiate with a customer, produced by the broker, who is ready, able and willing to perform, and where the transaction is later consummated without a substantial break in the ensuing negotiations. Loeb v. Peter J. Pasbjerg & Co., 22 N.J. 95, 100-101 (1956); First National Corp. v. Van Syckle, 37 N.J. Super. 469, 472 (App. Div. 1955); see also, Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 551 (1969). But here plaintiff, a *243 salesman in defendant's office, claims a share of the commissions, not from a seller or buyer, but from his former employer. In such a situation the right to a commission is governed by the law of agency and the law of contracts. See Rosenthal v. Art Metal, Inc., 95 N.J. Super. 8, 13 (Law Div. 1967), aff'd 101 N.J. Super. 156 (App. Div. 1968), aff'd o.b. 53 N.J. 344 (1969).
This situation is analogous to those cases where one broker sues another for a share of commissions after an agreement between them to that effect and the subsequent sale of the property involved. See Van Poznak v. Ralph G. Schwebemeyer & Co., 136 N.J.L. 486 (E. & A. 1948); Braelow v. Louis Schlesinger, Inc., 109 N.J. Eq. 472 (Ch. 1932), aff'd o.b. 112 N.J. Eq. 88 (E. & A. 1933); Rebenfeld v. Friedberg, 3 N.J. Misc. 93, 127 A. 187 (Sup. Ct.), aff'd o.b. 102 N.J.L. 222 (E. & A. 1925). In those cases the issue was not who was the "efficient producing cause" of each sale, but rather what were the terms of the agreement between the parties regarding the distribution of commissions earned. Indeed, in the absence of an express contractual provision to the contrary, the commissions are to be shared equally, even though only one of the brokers did the major portion of the work. Braelow v. Louis Schlesinger, Inc., supra; Baliles v. Bryant, 207 Md. 332, 114 A.2d 601 (Ct. App. 1955). And there was testimony here that such was the custom in the trade.
In Armstrong v. J.H. Webber & Co., 92 Wash. 295, 158 P. 957 (Sup. Ct. 1916), it was held that the law applying to brokers' contracts between a seller and his broker  i.e. that the broker must show himself to be the efficient producing cause of the sale  does not apply to employment by one broker of another with compensation based upon division of commissions. It was further held that a broker's subagent is entitled to his commissions even though the contract finally concluded differed in terms from the one which was originally discussed, especially since there was one continuous *244 transaction from its origination to its consummation.
We conclude that in a suit by a salesman employee against his broker employer for a share in commissions, the determinative factor is the agreement between them, i.e. was the employee's entitlement to commissions dependent upon his procuring and bringing about a sale or did the agreement provide that it would be sufficient if he introduced the parties and the deal was ultimately consummated by the broker without further efforts of the salesman. Also relevant, absent an express agreement between the parties with respect to the sharing of commissions, would be a determination as to what was the custom in defendant's office with respect to when a share of commissions is earned by a salesman. Eastman v. Gamble, 39 So.2d 642, 643 (La. Ct. App. 1949).
Here the trial judge made no finding of fact as to the conditions which would give rise to plaintiff's right to a commission under the contract of employment. We conclude that, absent such finding, the judgment in favor of plaintiff must be reversed and the matter remanded to the trial court for a new trial wherein there will be made findings of fact and conclusions of law as to the terms of the agreement of the parties, considering also the custom in defendant's office with respect thereto.
In co-broker agreements the broker who furnishes the buyer to the seller, even though the ultimate sale is for a lesser price, is entitled to share in the commission provided, however, that there has been no significant break in the negotiations. See Loeb v. Peter F. Pasbjerg & Co., supra, 22 N.J. at 100-101. While there was a break in the negotiations herein from May to August, we are not persuaded that in the context of a suit by a salesman against his employer broker such break should deny the salesman a share in the commission when he has introduced the parties. The relevance or weight, if any, of this factor will be determined by the trial judge in his findings as to the terms of the agreement *245 between plaintiff and defendant and the interpretation thereof.
As we have noted, the judgment herein appealed from was rendered against the individual defendant. On the retrial, if it is determined that plaintiff is entitled to a share of the commissions, the trial judge shall determine anew, based on the facts adduced at the new trial, whether liability is properly that of the individual or corporate defendant, or both. In that connection it will be necessary to ascertain, since a "real estate salesman" may be employed only by a licensed "real estate broker," N.J.S.A. 45:15-3, whether the real estate broker's license was held by defendant individually or by G & G Agency, Inc., the corporation of which he was President.
Reversed and remanded.