RUSSELL B. ALLEN *vs.* CHAS. E. HOWE CO.

Suffolk.     November 9, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Modification.

In an action of contract against a corporation engaged in business as a real estate broker, it appeared that the plaintiff was employed by the defendant as a salesman under a contract in writing, which recited that the defendant was party of the first part and the plaintiff was party of the second part, and provided that all money received by the plaintiff should immediately be turned over to the defendant and that the plaintiff be paid "an amount equal to fifty per cent of the commissions which the party of the second part has received from sales of real estate or insurance made by the party of the second part." For a sale made by the plaintiff, the defendant received notes of the customer and, so far as the evidence disclosed, the defendant alone made the decision to do so. There was conflicting evidence on the questions, whether the contract was modified so that the plaintiff should not receive payment of his share of the consideration until the notes were paid, and whether the notes were received by the defendant as payment of the consideration. There was no evidence of the value of the notes. There was a finding for the plaintiff. *Held,* that

(1) It was apparent that the word "second," found near the beginning of the above quotation, was intended to refer to the party of the "first" part and that the insertion of the word "second" was a clerical error, and the agreement must be construed as though it contained the word intended to be used;

(2) Since on the evidence findings were warranted that the contract was not modified and that the notes were received by the defendant as payment of consideration, a finding for the plaintiff was warranted;

(3) The questions, whether the notes were collectible, and what their value was, were immaterial.

CONTRACT upon a contract in writing described in the opinion. Writ in the Municipal Court of the City of Boston dated December 27, 1926.

Evidence in the Municipal Court is stated in the opinion. The trial judge found for the plaintiff in the sum of $1,461.60 and, at the defendant's request, reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*C. F. Lovejoy*, for the defendant.

*A. Van A. Thomason*, for the plaintiff.

SANDERSON, J.  The plaintiff was employed under a written contract as salesman for the defendant in a real estate brokerage business.  The agreement was made by the defendant, as party of the first part, and the plaintiff, as party of the second part.  It provided that all money received by the plaintiff should immediately be turned over to the defendant and that the plaintiff be paid "an amount equal to fifty per cent of the commissions which the party of the second part has received from sales of real estate or insurance made by the party of the second part."  The judge of the Municipal Court found for the plaintiff and the only question presented is whether he should have ruled upon all the evidence that the finding must be for the defendant.

It is apparent from the agreement, as well as from the course of dealing between the parties, that the word "second," found near the beginning of the above quotation, was intended to refer to the party of the "first" part and that the insertion of the word "second" was a clerical error, and the agreement must be construed as though it contained the word intended to be used.  The plaintiff effected all of the sales for which he is seeking to recover.  It appeared that the defendant received, as part of one commission, a promissory note for $2,500, payable in two years from April 16, 1924, and another note for $1,350, payable "when No. 409 Huntington Avenue should be sold for $143,000."  When this action was brought the defendant had received nothing on account of either of these notes.

The defendant contends that the agreement should be construed as not requiring payment to the plaintiff until the defendant had received cash; that, even if the contract called for such payment when the notes were received, it had been changed by mutual agreement; and that, as there was no evidence of the value of the notes, the plaintiff cannot prevail.

If it be assumed that there was evidence from which a modification of the terms of the contract could be inferred, the judge's decision of that question presents no question

of law for review. In one of the statements submitted to the plaintiff by the defendant, the notes were listed on the debit side as "unpaid commissions," and an item for one half their face value appeared on the credit side as "unpaid commissions." In a later statement submitted by the defendant the item was referred to at the end of the statement as "Uncashed commissions on a/c J. Franklin Knotts, $2164.34," and in a letter accompanying this statement the defendant, in referring to these notes, stated, "until these notes are liquidated, we cannot make a final settlement." There was testimony which would justify a finding that the plaintiff was not informed as to the details of the commissions in the sale in which the notes were taken until after the sale, when he was told something about notes and mortgages being taken. So far as the evidence disclosed, the defendant alone made the decision to accept notes instead of cash for the commissions. Whether the evidence rebutted the presumption that the notes were accepted in payment of the commissions was for the judge to decide. *Quimby* v. *Durgin*, 148 Mass. 104, 108. *Paddock & Fowler Co.* v. *Simmons*, 186 Mass. 152. Upon the evidence he was justified in finding that the notes were accepted by the defendant as commissions, and that it was bound by the terms of the contract to pay the plaintiff an amount equal to fifty per cent of those commissions. Upon the view which we take of the case, the question, whether the notes were collectible or were worth less than their face value, is immaterial so far as the plaintiff's rights are concerned.

> *Order of Appellate Division dismissing report affirmed.*