### MOLLIE BRILLIANT *vs.* SYLVAN L. SILK.

Norfolk.    April 5, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Variance. *Evidence,* Competency.

In an action in which the plaintiff in his declaration set forth a claim for rent due under a lease in writing and introduced in evidence at the trial a lease of the character described in the declaration except that, through obvious clerical error, the name of the defendant was stated therein as lessor and the name of the plaintiff was stated therein as lessee, there was no variance, nor was there error in the admission of such lease in evidence.

CONTRACT. Writ in the District Court of East Norfolk dated April 4, 1934.

The pleadings are described in the opinion. Upon removal to the Superior Court, the action was tried before *Morton,* J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $103.10. The defendant alleged exceptions.

*M. J. Zieman,* for the defendant, submitted a brief.
*A. Cohen,* (*M. Band* with him,) for the plaintiff.

PIERCE, J. This is an action under G. L. (Ter. Ed.) c. 231, § 7, Eighth, to recover rent alleged to be due under a written lease.

G. L. (Ter. Ed.) c. 231, § 7, Eighth, reads in part as follows: "In an action for the recovery of rent . . . by virtue of a contract under seal that might have been recovered upon a common count if the contract had not been under seal, the same may be recovered upon a common count in a form similar to that now used for other common counts. The bill of particulars in such cases shall refer to the document

under which the claim arises, by its proper description and date." In the instant case the plaintiff's declaration is as follows: "And the plaintiff says that the defendant owes her the sum of Two Hundred Dollars ($200.00) with interest thereon from April 1, 1934, on or before which date demand for payment was made, according to the account hereto annexed marked 'A'." The account annexed marked "A" reads in part as follows: "Rent of house No. 3 Maple Court, Suite #7, in that part of Boston called Roxbury, under lease dated September 21, 1932, which rent is payable in installments of $55.00 each and due on the first day of each month in advance. Item 1. Rent due from December 1, 1932 to April 1, 1934, 17 months, @ $55.00 per month $935.00." Then follow credit items amounting to $735, leaving a balance due April 1, 1934, of $200. The writ is dated April 4, 1934, was returnable to the District Court of East Norfolk and was subsequently removed to the Superior Court by the defendant. In the Superior Court the case was tried to a jury which returned a verdict for the plaintiff for $103.10. The defendant's answer includes among other allegations, not here material, the following: "Now comes the defendant in the above entitled action, and denies each and every allegation, item, averment, particular, count and account in the plaintiff's writ and declaration contained." In the Superior Court the plaintiff propounded interrogatories to the defendant, among them: "2. Whether or not you signed, executed and delivered to the plaintiff, her agents or attorneys, a lease dated September 21, 1932, for suite #7 in the premises located at 3 Maple Court in Roxbury, Mass." The defendant, under oath, answered this interrogatory as follows: "Yes, but not a lease under which I owe rent to the plaintiff." The plaintiff further propounded to the defendant interrogatory numbered 3, which reads: "Whether or not you occupied the premises referred to in interrogatory #2, and if so (a) when did you first occupy same; (b) when did you vacate said premises." The defendant, under oath, answered this interrogatory as follows: "Yes. (a) September 27, 1932 (b) March 30, 1934."

At the trial in the Superior Court, the plaintiff offered

in evidence the instrument which is set out in the bill of exceptions. This instrument was dated September 21, 1932, the date stated in the account annexed, and the same suite is therein mentioned and the same rental ($55 per month payable in advance) as is stated in the account annexed. The first and second paragraphs of this instrument read as follows: "This Indenture, made this twenty-first day of September in the year one thousand nine hundred and thirty-two between Sylvan L. Silk of the first part, and Mollie Brilliant of the second part, witnesseth: That the said party of the first part doth hereby Demise and Lease unto the said party of the second part the Suite of Rooms numbered 7 in the building located at 3 Maple Court in that part of Boston called Roxbury." The instrument ends as follows: "In Witness Whereof the said parties hereunto, and to another instrument of like tenor, set their hands and seals on the day and year first above written. Sylvan L. Silk    Mollie Brilliant." The defendant objected to the admission of this instrument on the ground that it was not admissible under the plaintiff's declaration. The judge admitted it and the defendant seasonably excepted.

At the close of the evidence, and before argument, the defendant requested the judge to give the jury the following instructions: "1. That there is no lease proven, as declared, from Mollie Brilliant, plaintiff, to Sylvan Silk, defendant. 2. That the lease declared on has not been proven. 3. That an instrument purporting to be a lease, but which transposes the parties, cannot support a suit for rent in the manner alleged in the plaintiff's declaration. 4. That at most, a tenancy at will existed. 5. That due notice of the termination of the tenancy at will was given in writing." The judge refused to give these instructions, or any of them, and the defendant duly and seasonably excepted. The defendant also presented to the court a motion for a directed verdict in his favor. The motion was denied and the defendant excepted. Request for instruction numbered 5 and the denial of the motion for a directed verdict for the defendant are not argued in the defendant's brief and are deemed to be waived.

In the circumstances here disclosed the instrument was properly received in evidence. The substitution of the name of the defendant for that of the plaintiff, as the party of the first part, and the substitution of the name of the plaintiff for that of the defendant, as the party of the second part, are manifest clerical mistakes, and a rule that would exclude evidence of the true relation of the parties "would tend to obstruct justice rather than promote it." *Richardson* v. *Boynton*, 12 Allen, 138, 140. *Allen* v. *Chas. E. Howe Co.* 261 Mass. 355. We find no error in the refusal to give the requested instructions.

*Exceptions overruled.*