Wilson, J.
This was an action on an account annexed to recover rent of premises occupied under a written lease. The defendant’s answer was a general denial, payment, and an allegation that the plaintiff terminated the lease by a written notice to vacate the premises.
It was not disputed that the defendant signed a lease of the premises and occupied them up to May 24, 1938; that the rental of $45.00 per month was paid by the defendant through April 1938, and that on May 10,1938, the rent payable May 1, 1938, in advance, not being paid, the defendant gave the plaintiff a fourteen days’ notice to quit for non-payment of rent. The notice also said, “reserving all rights against you under the lease.” The defendant vacated the premises.
The plaintiff made reasonable efforts to again rent the premises and brings the present action to recover the rent for the month of June, and for the month of July up to July 20, when the plaintiff again rented the premises.
The plaintiff offered the lease in evidence and it was admitted over the defendant’s objection. N'o claim of report, however, seems to have been made to the admission of the same in evidence and we do not, therefore, discuss it. See Brilliant v. Silk, 290 Mass. 537, 539.
The court found for the defendant.
The plaintiff filed six requests for rulings, which were as follows:
“1. The rights and liabilities of the parties to this action are based upon the terms of the lease between the parties which is in evidence.
“2. If the court should find that a valid fourteen days’ notice to quit was given to the defendant by the plaintiff, the giving of a notice to quit for non *234 payment of rent under Chapter 186, Section 11 of. the General Laws (Ter. Ed.) does not relieve the lessee from paying the rent due under the terms of the lease.
“3. The clause in the lease, ‘The lessor is to be entitled to and may sue for each monthly payment as rent or otherwise as provided herein, the day after the same remains unpaid, or at any later time, at lessor’s option, as if no termination of said estate occurred,’ is valid and obligates the defendant, lessee, to pay the rent provided in the lease even though a fourteen days’ notice to quit was given to the defendant by the- plaintiff.
“4. There is sufficient evidence to warrant a finding1 for the plaintiff.
“5. Under the terms of the lease in evidence the defendant lessee owes the plaintiff unconditionally the rent provided for in the lease for the month of June, 1938, in the sum of forty-five dollars ($45).
“6. Under the terms of the lease in evidence the defendant lessee owes the plaintiff unconditionally the rent provided for in the lease for the period from July 1,1938, through July 20,1938, in the sum of Thirty dollars ($30).”
The trial court gave the first request and refused the* others and made certain special findings and rulings. Those-which appear to us to be pertinent to the issues now before* us are as follows:
‘‘The lease contained the clause, ‘The lessor is to be-entitled to and may sue for each monthly payment as rent or otherwise as provided herein the day after the same remains unpaid, or at any. later time, at lessor’s option, as if no termination of said estate occurred.’ The declaration is for an account annexed and in the account annexed the claim is set forth as ‘rent under a written lease.’ The lease was offered ini evidence at the trial.
*****
“I find as a fact that the lease was terminated by act of the plaintiff for -breach of the- covenant to pay rent.. *235 I rule as a matter of law that the claim of the plaintiff was for a breach of the covenants of the lease and the declaration should have set forth the lease and the breach of the covenant to pay rent.
* * • * * *
“I decline to give all of these rulings because the claim of the plaintiff is not for rent under the lease. The plaintiff had, by his own act, terminated the lease. His claim against the defendant was for a breach of the .covenants of the lease and the breach should have been set forth in the plaintiff’s declaration.”
The plaintiff was informed several times during the trial that if he desired to amend his declaration the court would allow him to do so. The plaintiff refused the suggestion of the court.
The lease itself, while admitted in evidence, is not incorporated in the report before us and we, therefore, can consider only that portion thereof quoted in the findings and rulings of the trial judge.
That provision, by its terms, which constitutes the agreement of the parties in that regard, authorizes the lessor to “sue for each monthly payment as rent ... as if no termination of said estate occurred.”
It is said in Rainault v. Evarts, Mass. Adv. Sh. (1937) 333, 337:
“It is true that at common law rent under a sealed lease could not be recovered under the common counts. (Cases cited.) But by G. L. (Ter. Ed.) c. 231, §7 (8), recovery upon a common count was permitted.” Brilliant v. Silk, 290 Mass. 537.
It is argued by the defendant that the plaintiff did not put himself within the provision of said s. 7 (8) because the declaration does not refer to the lease by its “proper description and date.”
*236 In Rainault v. Evarts, supra, Mass. Adv. Sh. (1937) 333 at 337, the court said:
“Although the statute provides that ‘the bill of particulars in such cases shall refer to the document under which the claim arises, by its proper description and date, ’ and this was not done, the defect was one merely of pleading, and was waived by the failure of the defendant to take the point before trial. (Casecited.) The defendant had no reason to think that he was sued for rent not arising under the lease, for there could be .no recovery for use and occupation where the lease was still in force and the use and occupation could be referred to the lease. Highland Trust Co. v. Slotnick, 289 Mass. 119, 123. Moskow v. Fine, 293 Mass. 233 . . .”
The declaration in the present case stated the claim as “Bent under written lease of suite 111, 383 Harvard Street, Cambridge.” It, therefore, seems clear to us that the declaration was sufficient to support the claim made by the plaintiff, in this action.'
The claim for recovery of a part of the monthly rent for the month of July falls within the provisions of G. L. (Ter. Ed.) c. 186, §8. See Highland Trust Co. v. Slotnick, 289 Mass. 119, 122.
It follows from what has been here said that the trial court erred in refusing to instruct himself as requested by the plaintiff and the case having been fully tried, the finding for the. defendant is reversed and judgment will be entered for the plaintiff in the amount claimed in the declaration. G. L. (Ter. Ed.) c. 231, §§108-110. Andrade v. Hanley,, 289 Mass. 335.