## CAPITAL LINOLEUM CO., Inc. v. SAVAGE.

### No. 1262.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 30, 1952.
Decided Oct. 23, 1952.

---

Herman Miller, Washington, D. C., for appellant.

Charles H. Quimby, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Under a written lease Capital Lineoleum Company became the tenant of Alice Frank for five years commencing April 15, 1948. On April 15, 1950 the lessee vacated and paid no further rent. This suit was brought by Savage, lessor's agent, for $1200, covering four months' rent from April 15, 1950 to August 15, 1950. Plaintiff was awarded judgment and defendant appeals.

The first contention is that since Savage was not a party to the lease he was not "the real party in interest" under Municipal Court Rule 17(a), and hence had no right to bring the suit. Savage contends that he did have such right as attorney-in-fact under the lease.

The lease recited that the lessor in appointing plaintiff her rental agent "does so for and in consideration of his services in securing the tenant herein and the negotiation of this lease, and agrees to pay said Agent a commission of five per cent (5%) of all rentals paid during the full term of this lease and/or any renewal thereof, and the Lessor does hereby appoint said Robert W. Savage, her true and lawful attorney-in-fact to collect said rent during the full term of this lease and/or any renewal thereof, and to deduct therefrom the said five per cent (5%) commission."

It is plain that Savage was not a party to the lease, and his relation to the transaction is based upon the limited power of attorney, granting him authority to collect rent (and to deduct his commission).

Municipal Court Rule 17(a) is patterned after Rule 17(a), Fed.Rules Civ.Proc. 28 U.S.C.A. Under the Federal rule it has been held that a mere attorney-in-fact without an assignment of title is not a real party in interest. Birkins v. Seaboard Service, D.C.D.N.J., 96 F.Supp. 245; Clark v. Chase Nat. Bank of City of New York, D.C.S.D. N.Y., 45 F.Supp. 820.[1] This was also the rule before the adoption of the Federal Rules of Civil Procedure. Lewis v. Canadian Pac. R. Co., 7 Cir., 39 F.2d 834, certiorari denied, 282 U.S. 869, 51 S.Ct. 76, 75 L.Ed. 768, where the grant of authority was much broader than in this case.

It seems plain that a "real party in interest" is that party who under substantive law has the legal right to enforce a claim. Capo v. C–O Two Fire Equipment Co., D.C.D.N.J., 93 F.Supp. 4. It is equally plain that Savage was not such a party. He was nothing more than an agent; he owned no claim, for nothing had been assigned to him. Hence his status is not to be confused with that of an assignee of a lease who, we have held, has the right to maintain a possessory action;[2] nor with the status of an assignee of a claim for purpose of collection and who, we have also held, may sue on the claim in his own name.[3] This plaintiff had no legal title in the claim, and hence had no right to sue thereon.[4]

1. See also cases there cited; see also discussion of the subject in 3 Moore's Fed. Practice, par 17.10 (2d ed.), and 6 Cyclopedia of Fed.Proc., sec. 21.08, et seq. (3d ed. 1951).

2. Koehne v. Harvey, D.C.Mun.App., 45 A. 2d 780.

3. Compton v. Atwell, D.C.Mun.App., 86 A. 2d 623.

4. See Halloran-Judge Trust Co. v. Heath, 70 Utah 124, 258 P. 342, 64 A.L.R. 368. But cf. United States Shipping Board E. F. C. v. Sherman & Ellis, 208 Ala. 83, 93 So. 834.

We deem it necessary to discuss appellant's second claim of error, since it may arise in some future litigation based on the lease. The point concerns the validity of the lease itself. The argument is based on the wording of the attestation clause of the lease which recites as follows:

> "In Testimony Whereof, Lessee has signed these presents and affixed her seal, and Lessor has caused these presents to be signed with its corporate name by Charles Stein, its President, attested by Irving Schlossenberg, Secretary, and its corporate seal to be hereunto affixed, and does constitute and appoint Charles Stein its true and lawful attorney-in-fact to acknowledge and deliver these presents as its act and deed, all on the day and year first hereinbefore written.
>
> Signed in the Presence of:
>
> Attest:
>
>  
>
> CAPITAL LINOLEUM Co., INC.
> /s/ Charles Stein (Seal)
> /s/ Alice Frank (Seal)"

Appellant contends that the lease was not validly executed because the words "lessor" and "lessee" were transposed.[5] He says that since the lessor, Alice Frank, was not a corporation she could not execute "by its president and secretary" and that the lessee, being a corporation, could only execute the lease through its officers. Appellant also argues that because of the transposition the lease is not properly sealed.

There is no question that the parties were correctly designed in the operative parts of the lease, hence there is no question that the intent of the parties is perfectly apparent. In fact defendant tacitly concedes the transposition was a mere clerical error. The lease is therefore to be read in accordance with the manifest intention of the parties notwithstanding a transposition of their designation. Allen v. Chas. E. Howe Co., 261 Mass. 355, 158 N.E. 767; Castelli v.

Burns, 156 App.Div. 200, 140 N.Y.S. 1057; see also Brilliant v. Silk, 290 Mass. 537, 195 N.E. 737. Accordingly we rule that the lease is of a "form conforming to the rules herein laid down" as required by Code 1951, § 45–301, and is valid in all respects.

We reverse only on the ground that appellee Savage had no right to maintain the suit.

Reversed.

---

5. Code 1951, § 45–106, requires that all estates for a period longer than one year be created by a deed signed and sealed by the grantor or lessor. Code, § 45–301 gives acceptable forms of leases but provides that any other form conforming to the rules is sufficient.